IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-21-123-RAW |
| ) | |
| JEREMY CHAD GILLILAND, ) | |
| ) | |
| ) | |
| Defendant. ) | |

# ORDER

Before the court is the motion of the defendant to dismiss the indictment.* The indictment (#17) charges a single count of possession of a firearm by a person convicted in any court of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. §922(g)(9). Defendant seeks dismissal pursuant to Rule 12(b)(3)(B)(v) F.R.Cr.P. for failure to state an offense.

He contends that the Oklahoma statute of conviction is more broad than the definition of "misdemeanor crime of violence" under 18 U.S.C. §921(33)(A). Additionally, he contends that section 921(33)(A)(ii) requires the government to allege a specific domestic relationship between a defendant and an alleged victim. These are non-frivolous contentions; however, under the governing standard, the court declines to grant the motion.

---

*Actually, the present motion seeks to dismiss the <u>original</u> indictment. The government has subsequently filed a superseding indictment (#39). In civil cases, an amended complaint generally renders a motion to dismiss moot. The Tenth Circuit holds that "a superseding indictment does not make the earlier indictment void and the two can co-exist." *United States v. Cruz-Lopez,* 357 Fed.Appx. 193, 198 (10th Cir.2009). The motion will therefore be addressed.

"On a motion to dismiss an indictment, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense." *United States v. Todd,* 446 F.3d 1062, 1066 (10th Cir.2006)  Generally, an indictment which sets forth the elements of the crime by tracking the language of the statute is sufficient.  *See United States v. Welch,* 215 F.3d 1089, 1101 (10th Cir.2000). When analyzing an indictment's legal sufficiency, courts generally refrain from looking beyond the four corners of the indictment.  *United States v. Hall* 20 F.3d 1084, 1087 (10th Cir.1994).   "Rule 12 is not a parallel to civil summary judgment procedures." *United States v. Pope,* 613 F.3d 1255, 1261 (10th Cir.2010).

Defendant argues that this court's ruling would not depend on evidence, but is a matter of law which can be decided now.  Defendant has, however, cited no authority which granted a similar motion.  Under pertinent authority, placing definitions of terms or other explanatory material within an indictment is not necessary.  *Cf. United States v. Edwards,* 2019 WL 5196614, *2 (D.Kan.2019)(in an indictment alleging violation of 18 U.S.C. §2320(a)(1), use of the general descriptors "goods" and "counterfeit mark" suffices); *United States v. Marshall,* 2009 WL 691928, *3 (M.D.Ala.2009)(regarding alleged violation of §922(g)(9) [as here] "charging a legal term of art in an indictment is sufficient to charge the component parts of that term"). *See also United States v. Kovach,* 208 F.3d 1215, 1219 (10th Cir.2000).

The government acknowledges it must ultimately prove its case, but "that burden of proof comes after the indictment, and the United States is not obligated to meet that burden of proof in the indictment." (#36 at 8). The court agrees. The issues discussed herein may be revisited at the Rule 29 stage.

It is the order of the court that the motion of the defendant (#32) to dismiss is hereby denied.

ORDERED THIS 4th day of October, 2021.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**