IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | Case No. CR-21-123-RAW |
| ) | |
| JEREMY CHAD GILLILAND, ) | |
| ) | |
| ) | |
| Defendant. ) | |

# **ORDER**

Before the court is the second motion of the defendant to dismiss. A first motion (which the court denied without prejudice to re-urging at the Rule 29 stage) was directed at the original indictment. The present motion seeks dismissal of the superseding indictment. The superseding indictment (#39) charges in Count One possession of a firearm by a person convicted in any court of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. §922(g)(9). In Count Two it charges possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). Defendant argues that the statutes on which these charges are based are unconstitutionally vague.[*]

A law can be unconstitutionally vague on its face or in application. *United States v. Rodebaugh,* 798 F.3d 1281, 1294 (10th Cir.2015). Here, defendant raises the latter challenge. "A statute can be impermissibly vague for either of two independent reasons. First, if it fails

---

[*] The Tenth Circuit has indicated that an as-applied void-for-vagueness challenge should await the factual development of a trial. *See United States v. Reed,* 114 F.3d 1067, 1070 (10th Cir.1997). Both parties herein have made presentation of purported facts. In the interest of thoroughness, the court will undertake a brief discussion for future reference.

to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits. Second, if it authorizes or even encourages arbitrary and discriminatory enforcement" *Id.* at 1295.

Section 922(g)(9) makes it unlawful for any person who has been convicted in any court of a misdemeanor crime of domestic violence to knowingly possess a firearm which has been transported in interstate commerce. Title 18 United States Code Section 921(a)(33), in pertinent part, defines a misdemeanor crime of domestic violence to be an offense that (1) is a misdemeanor and (2) has, as an element, the use of physical force committed by a person similarly situated to a spouse of the victim. Defendant contends the phrase "similarly situated to a spouse" is unconstitutionally vague.

The court disagrees at this time, and finds persuasive the discussion of the issue in *United States v. Cary,* 2008 WL 879433 (N.D.Ga.2008). This court acknowledges – and appreciates – that defendant himself cited this contrary authority in his motion. The *Cary* decision also cites a similar ruling within the Tenth Circuit: *United States v. Thomson,* 134 F.Supp.2d 1227, 1229-30 (D.Utah 2001), *aff'd* 354 F.3d 1197 (10th Cir.2003). It should be noted that the present issue was not addressed in the Tenth Circuit opinion, as defendant evidently only appealed the denial of his motion to suppress. Accordingly, there is no binding precedent on this issue. The motion will be denied in this regard, without prejudice to raising it during Rule 29 proceedings.

As to Count Two, defendant argues that the pertinent statutes are so vague that they fail to put ordinary gun owners on notice of what constitutes a "registerable firearm." Title 26 United States Code Section 5861(d), in pertinent part, simply states that it is unlawful for a person to possess a firearm which is not registered to that person in the National Firearms Registration and Transfer Record. As relevant here, 26 U.S.C. §5845(c) [also cited in the superseding indictment] defines "rifle" as a weapon designed or redesigned, made or remade, and "intended to be fired from the shoulder."

Defendant appears to argue that the weapon he possessed was actually a pistol, but that his addition of a "buttstock" transformed (in the government's view) the weapon into a rifle which must be registered. He argues that this "invisible dividing line" renders the statutes unconstitutionally vague. This court has found no authority so holding, and again the issue may be revisited at the Rule 29 stage.

It is the order of the court that the second motion of the defendant (#55) to dismiss is hereby denied.

**ORDERED THIS 18th DAY OF OCTOBER, 2021.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**