IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-21-123-RAW |
| ) | |
| JEREMY CHAD GILLILAND, ) | |
| ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the court are various pretrial matters. Defendant is charged in Count One with violating 18 U.S.C. §922(g)(9), which criminalizes possession of a firearm shipped or transported in interstate commerce if the defendant "has been convicted in any court of a misdemeanor crime of domestic violence." The quoted phrase is defined in 18 U.S.C. §921(a)(33). As pertinent to the present case, the crime must be a misdemeanor under state law, an offense which has as an element the use or attempted use of physical force, and the defendant must be a person "similarly situated to a spouse" of the victim. §921(a)(33)(A)(i) & (ii). It is represented that the parties (1) will stipulate that the underlying misdemeanor at issue here contained an element of the use or attempted use of physical force and (2) agree that whether the defendant and the alleged victim of the underlying misdemeanor were similarly situated as spouses is a question for the jury. (#100 at 2); (#102 at 2-3).

The statute continues: "A person shall not be considered to have been convicted of [the predicate offense]" unless the person was represented by counsel or knowingly and

intelligently waived the right to counsel in the case. §921(a)(33)(B)(i)(I). Also, the predicate offense is not a proper one if the person was entitled to a jury trial and did not knowingly and intelligently waive right to jury trial, by guilty plea or otherwise. §921(a)(33)(B)(i)(II)(bb).[1] The parties dispute these issues and also dispute whether they present questions of fact for the jury or issues of law for the court. While the Tenth Circuit has not directly addressed the matter, such authority as exists favors the government's position. *See United States v. Bethurum,* 343 F.3d 712, 716-17 (5th Cir.2003). *Cf. United States v. Flower,* 29 F.3d 530, 535 (10th Cir.1994)("because §921(a)(20) is definitional, it is the trial judge's responsibility to determine as a matter of law whether a prior conviction is admissible in a §922(g)(1) case"). In *United States v. Engstrum,* 2009 WL 4544098 (D.Utah 2009), which dealt with the statutes in the case at bar, the court found "that the issue should be determined by the court as a pretrial matter of the admissibility of the conviction" and set a pretrial hearing. This court has also done so (#103).

Regarding the hearing, the parties have not addressed assignment of the burden of proof and the requisite quantum of that proof. In *United States v. Shamsid-Deen,* 454 F.Supp.3d 1307 (M.D.Ga.2020), the court found that the exception set out by 18 U.S.C. §921(a)(33)(B)(i)(II) is an affirmative defense, and that defendant bears both the initial burden of production and the ultimate burden of persuasion, and by a preponderance of the evidence. The court adopts this view at present.

---

[1] Defendant invokes both the waiver of counsel and waiver of jury trial provisions. (#97 at 5 & 6); (#98 at 2).

Also for consideration is the defendant's first motion in limine (#98). It asks the court to exclude evidence of any episodes in which defendant was allegedly violent in 2002 or 2003. Defendant has offered to stipulate that the underlying charge "has, as an element, the use or attempted use of force." (#98 at 2)(#98-1). The government responds that it nevertheless requests to have the alleged victim (C.P.) testify that "on or about December 11, 2002, the Defendant assaulted C.P. by grabbing her neck and choking her, that the Defendant was arrested for the assault, and that the Defendant knew he had been so arrested." (#101 at 3). This incident evidently gave rise to the underlying misdemeanor charge.

Defendant's argument is that such evidence takes the jury's focus away from whether defendant is a "prohibited person" under the statute and is therefore irrelevant, cumulative, unfairly prejudicial, and confuses the issues. Although defendant does not cite the decision, his line of logic is somewhat similar to *Old Chief v. United States,* 519 U.S. 172 (1997), in which the Supreme Court held that it was error for the trial court to refuse to accept a defendant's offer of stipulation to the fact of a prior felony conviction in a prosecution under 18 U.S.C. §922(g)(1), and admit the full record of the prior judgment.

Under §9222(g)(1), however, a vast array of felonies may serve as predicates. Disclosing the nature of a particular felony to the jury could result in unfair prejudice. Here, by contrast, the predicate crime is a particular <u>type</u> of misdemeanor, which is identified within the statue itself. The jury will know that the purported predicate conviction is "a misdemeanor crime of <u>domestic violence</u>." While it is certainly conceivable that the facts

of a domestic abuse situation might be so extreme as to suggest unfair prejudice, the court is not persuaded this is such a case. The government states that it will limit the evidence to a single incident and "will not seek to introduce an exact play-by-play of that assault or any other domestic assault regarding the Defendant." (#101 at 3). The court will monitor the presentation in this regard and will also give the jury a limiting instruction. The government's evidence is limited to the single incident. Therefore, the defendant's motion is denied in part at this time.

     An additional reason exists. The Supreme Court stated that it was "unquestionably true as a general matter" that "the prosecution is entitled to prove its case by evidence of its own choice." *Old Chief,* 519 U.S. at 186-87. Also, the Court recognized that "if . . . there were a justification for receiving evidence of the nature of prior acts on some issue other than status (i.e., to prove 'motive, opportunity, intent, preparation, plan, *knowledge*, identity, or absence of mistake or accident,' [then] Rule 404(b) guarantees the opportunity to seek its admission." *Id.* at 190 (emphasis added). As defendant has mentioned elsewhere (#97 at 7-8), in *Rehaif v. United States,* 139 S.Ct. 2191, 2200 (2019), the Supreme Court held that "in a prosecution under 18 U.S.C. §922(g) and §924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Although *Rehaif* specifically concerned §922(g)(5), it arguably applies to any prosecution under §922(g), including the case at bar. The government may wish to present brief evidence regarding the facts of the

4

underlying misdemeanor as tending to show the defendant's knowledge. This appears to be a proper purpose outside the *Old Chief* rationale.[2]

The government has also filed a motion in limine, to which the defendant has not had an opportunity to respond. The motion, however, is more in the nature of a response to defendant's brief on jury question (#97). The court has essentially ruled in the government's favor in the course of this order.

It is the order of the court that the motion in limine of the government (#102) is granted, in that a pretrial hearing will be held regarding waiver of counsel and jury trial. The motion of the defendant in limine (#98) is granted in part and denied in part, as described above.

**ORDERED THIS 5th DAY OF JANUARY, 2022.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

---

[2]The dissent in *Rehaif* suggested that the decision undermined the logic of *Old Chief*. 139 S.Ct. 2191, 2209 (Alito, J., dissenting).